# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. STREET, | )  1:05-CV-0728 AWI SMS HC |
| Petitioner, | )  ORDER ADOPTING FINDINGS AND RECOMMENDATION [Doc. #15] |
| v. | )  ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. #7] |
| TOM L. CAREY, Warden, | )  ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | )  ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 17, 2005, the Magistrate Judge issued a Findings and Recommendation that recommended Respondent's motion to dismiss be GRANTED and the petition be DISMISSED with prejudice for violating the statute of limitations set forth in 28 U.S.C. § 2244(d).  The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

1    On December 16, 2005, Petitioner filed objections to the Findings and Recommendation.

2    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo*

3    review of the case. In his objections, Petitioner contends he should be entitled to equitable tolling

4    because the Tulare County Superior Court refused to give him a copy of his preliminary hearing

5    transcripts "for many years." See Petitioner's Objections at 2. In support of this contention, he refers

6    the Court to a copy of the opinion issued on July 15, 2002, by the California Court of Appeal, Fifth

7    Appellate District (hereinafter "5th DCA"). See Exhibit 22, Petitioner's Opposition to Respondent's

8    Motion to Dismiss (hereinafter "Opposition"). In that opinion, the 5th DCA issued a peremptory writ

9    of mandate directing the Tulare County Superior Court to send a copy of the preliminary hearing

10   transcript to Petitioner and the parole board for use in Petitioner's request for parole. Petitioner states

11   that "once he received those transcripts he filed his present habeas corpus [in state court] and it was

12   decided in December 2004[;] he then filed his petition in this court." See Objections at 2.

13   Petitioner's argument is not persuasive. First, while Petitioner claims he attempted to obtain

14   his transcripts for a period of "many years" because of the actions of the superior court, the exhibits

15   submitted by Petitioner demonstrate that his attempts began in early 2000. See Exhibits 19, 20, 21,

16   22, Opposition. As discussed by the Magistrate Judge, even if the Court were to grant equitable

17   tolling for this period of time, his petition would remain untimely since the limitations had expired

18   over two years prior in 1997. Moreover, Petitioner filed two state habeas petitions in 1997 and 1998.

19   These petitions were filed before Petitioner received his transcripts yet they raised the same claims of

20   ineffective assistance of counsel and coerced plea. In fact, the Tulare County Superior Court

21   dismissed his petition of November 3, 2003, for raising the same issues he had raised in his 1998

22   petition to the 5th DCA. See Document 6, Respondent's Motion to Dismiss. Petitioner has made no

23   showing why these transcripts were needed to timely file his petition, and Petitioner's past habeas

24   filings demonstrate the contrary, that in fact, the transcripts were not needed to file.

25   Petitioner also complains for the first time that he was taking powerful psychotropic drugs

26   from the time of his arrest until 1998. See Objections at 4. As a result, he claims he "wasn't able to

27   think straight nor do anything for himself legally" and had depended on other inmates in managing

28   his legal affairs. Id. Again, Petitioner's claim is belied by the fact that he filed fully briefed habeas

petitions in the state courts in 1997 and 1998.

Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 17, 2005, is ADOPTED IN FULL;

2. Respondent's Motion to Dismiss is GRANTED;

3. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    February 14, 2006**                    _____/s/ Anthony W. Ishii_____
0m8i78                                             UNITED STATES DISTRICT JUDGE